UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| GEOFFREY M. YOUNG, ) <br> ) <br> Young, ) <br> ) <br> V. ) <br> ) <br> SANNIE OVERLY, et al., ) <br> ) <br> Defendants. ) | Civil No. 3:16-cv-00062-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Not all disputes are capable of resolution in Federal Court. Here, Plaintiff Geoffrey M. Young ran for Governor in the Democratic Primary. Young takes exception to a variety of actions taken by Democratic Party officials as part of that endeavor. As explained below, even if Young's claims are true, they are not capable of being resolved in this Court of limited jurisdiction. Consequently, Defendants' Motions to Dismiss [R. 15; R. 17; R. 18] will be **GRANTED** and Young's Motions for Sanctions [R. 28; R. 34; R. 35.] will be **DENIED**.

**I**

**A**

Young alleges a number of violations of various statutes related to his bid for the Democratic nomination for Governor. Even construing his claims liberally, addressing Mr. Young's various concerns is difficult. There are multiple avenues this Court could take to dismiss all of his claims, though no arguments in the alternative will be fully fleshed out here. As one example, many, if not all of Mr. Young's complaints are likely barred by *res judicata*.

Young filed his original complaint on August 19, 2016, and an amended complaint on October 28, 2016. The amended complaint is nearly identical to his original complaint, except for repeated references to 42 U.S.C. § 1983, in an apparent attempt to rectify the issues identified by Defendants in their original Motions to Dismiss. [R. 9; R. 10; R. 11.]

Essentially, Young alleges that Defendants violated his Constitutional right to run for chairperson or vice-chair of the Kentucky Democratic Party and the Fayette Democratic Party [R. 19-1 at 36, 37.] He makes various arguments related to how meetings were conducted in secret and inappropriately. [*Id*. at 38.] Young also makes allegations that Defendants violated criminal statutes.

For all of these violations, Young seeks general, compensatory, and special damages; punitive damages; emergency injunction; and any other relief the Court deems proper. [*See* R. 19-1.] Young also requests a settlement conference and for this Court to freeze all assets of the KDP and FCDP, among other requests. [*See id*.]

**B**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making such a motion, "[t]he defendant has the burden of showing that Young has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Federal Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some

actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation and quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to Young, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of Young." *DirecTV, Inc.*, 487 F.3d at 476 (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citation omitted). Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). According to the Sixth Circuit, "[a] claim has facial plausibility when Young pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *DirecTV, Inc.*, 487 F.3d at 476 (citing *Twombly*, 550 U.S. at 556). Thus, Young must at least "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, a district court generally may not consider matters presented outside the pleadings unless it converts the motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012). The district court, however, also has the discretion to ignore such evidence and resolve the motion solely on the basis of the pleadings. *Heinrich*, 668 F.3d at 405; *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-03 (6th Cir.

2006) (collecting cases). Certain matters beyond the allegations in the complaint, such as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citations and internal quotation marks omitted). Additionally, the Sixth Circuit has held that when a *defendant* attaches undisputed documents to a motion to dismiss, they "are considered part of the pleadings if they are referred to in Young's complaint and are central to [his] claim." *Id.* (citations and internal quotation marks omitted).

Finally, pro se pleadings are held to "less stringent standards" and are "entitled to liberal construction," which "requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotations omitted).

## II

### A

Though Young makes several claims that his "Constitutional rights" were violated, the only explicit reference to a right conferred by the Constitution is Young's third claim for relief. This is his claim that he was denied due process in violation of 42 U.S.C § 1983. [*Id.*] Though Young attempted to correct his original complaint by adding in language pertaining to 42 U.S.C § 1983 throughout his amended complaint, 42 U.S.C § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Moldowan v. City of Warren*, 578 F.3d 351, 376 (6th Cir. 2009) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The first step in analyzing a 42 U.S.C § 1983 claim is to determine "whether Young has been deprived of a right secured by the Constitution and laws." *Baker*, 443 U.S. at 140 (internal quotations omitted).

4

Young alleges that Defendants operated a "kangaroo court" on April 30, 2016 when he appealed and argued against the election of Clint Morris to the chair of the Fayette County Democratic Party. [*Id.* at 18.] Young makes various allegations. For example, he claims Defendant Overly did not distribute copies of his appeal to board members; that Defendant Overly herself inappropriately oversaw the proceedings; and that he was asked hostile questions by board members present. [*Id.* at 20.] Further, Young alleges Defendant Grimes did not fully investigate Young's criminal complaint that he presented to the Kentucky Board of Elections and refused to ask Governor Matt Bevin to appoint a special prosecutor to do so. [*Id.* at 39.]

To assert a due process violation according to § 1983, Young must either demonstrate that he has been "deprived of property as a result of established state procedure that itself violates due process rights"; or prove "that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate for the loss." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991) (internal quotations omitted). Due process "generally requires some type of hearing prior to a state's deprivation of an individual's liberty or property." *Macene*, 951 F.2d at 706.

Young references the "kangaroo court" on April 30, 2016, as a violation of his due process rights. However, there was no property or liberty taken away from Defendant; he merely thought the meeting was run poorly. This is not a violation of due process. Young also alleges that Defendant Grimes refused to investigate or appoint a special prosecutor for the allegations Young brought before the Kentucky Board of Elections. Young has no Constitutional right to make the Secretary of State investigate any crime and has no Constitutional right to ensure a special prosecutor is appointed to investigate his allegations. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another."); *Young v. Herald*, No. 04-CV-245-WOB, 2005 WL 1048117, *8 (E.D. Ky. May 3, 2005) (recognizing same). Again, there was no deprivation of Young's property or liberty, no due process was needed, and no due process rights were violated.

Because Young has not established that the state deprived him of his property or liberty, no due process was needed. Therefore, Young has not demonstrated any violations of due process. Young's third claim for relief for violation of due process is dismissed.

**B**

Young's first and second claims for relief are pursuant to 18 U.S.C. § 241. Young's first claim for relief is for violation of Young's alleged Constitutional right to run for chairperson or vice-chair of the Kentucky Democratic Party. [R. 19-1 at 36.] Young alleges that no election was held on June 14, 2016, when Defendant Overly was installed as the state leader of the Kentucky Democratic Party. [*Id.* at 37.] Young's second claim is for violation of Young's alleged Constitutional right to compete for the position of chair of the KDP on January 30, 2016, and chair of the Fayette County Democratic Party on April 16, 2016. [*Id.*] In both cases, Young claims that the meetings held to elect these positions were held in secret. [*Id.* at 38.] Though Young claims these are Constitutional violations, there is no Constitutional right to run for chairperson or vice-chair of a political party, no right to compete for the position of chair of a state political party, and no right to compete for chair of a county political organization.

Young's fourth claim for relief is pursuant to 18 U.S.C § 245(b) for intimidating a candidate through the threat of force. [*Id.*] Young alleges that Liza Fossett and Josh Monroe threatened to have Young arrested and thrown in jail and this would have hurt his reputation had they actually arrested him. [*Id.* at 40.]

Young's fifth claim for relief is pursuant to 18 U.S.C. § 242 for deprivation of rights under color of law. [*Id.*] Young alleges that because Defendants violated 42 U.S.C. § 1983 while in a quasi-government institution, they were acting under color of law. [*Id.* at 41.]

18 U.S.C. § 241 is a criminal statute criminalizing certain conspiracies. Sections 245 and 242 are criminal statutes criminalizing deprivation of rights under color of law. However, there is "no private right of action under [any] of these criminal statutes." *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). Therefore, Young's first, second, fourth, and fifth claims are dismissed.

C

Young's sixth claim for relief is for deprivation of his right of honest services according to 18 U.S.C. § 1346. [*Id.*] Young alleges that Defendants Conway and/or Beshear should have appointed a special prosecutor to investigate the various claims he brought against Defendants. [*Id.* at 44.]

18 U.S.C. § 1346 states, "[f]or the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." This is a definition and there is no right of action pursuant to this statute, as a private citizen cannot initiate a federal criminal prosecution. *See, e.g.*, *In re Morris*, No. 3:10-BK-04143, 2010 WL 4272868, *4 (Bankr. M.D. Tenn. 2010) (explaining that section 1347 merely defines a crime and does not provide a private right of action, and compiling cases). Even construing pro se Young's complaint liberally, this Court is unsure what relief he is seeking under this definition. Accordingly, Young's sixth claim for relief is dismissed.

**D**

Young's seventh claim for relief is for nullifying valid statutes according to 42 U.S.C § 1983. [*Id.*] Young alleges that various Defendants and state court judges nullified KRS 118.105(1) by not correctly nominating candidates for office. [R. 19 at 44.]

This statute merely lays out how nominations in political parties should be made. As Young has already been told in an opinion issued by the Court of Appeals of Kentucky, "Kentucky Revised Statutes 118.105(1) [does not] provide[] any remedy for Young. The statute merely directs that political parties nominate all of their candidates." *Young v. Beshear*, No. 2015-CA-000669-MR, 2016 WL 929653, at *3 (Ky. Ct. App. Mar. 11, 2016), *review denied* (June 8, 2016). Young's seventh claim for relief is dismissed.

**E**

Young's eighth claim for relief states that he was intimidated by various Defendants, who threatened him with sanctions according to Kentucky Rules of Civil Procedure 11. [*Id.* at 46.] In a case before Jefferson Circuit Court, Young alleges that Defendants' attorney asked Young to dismiss his case or they would seek sanctions against Young. [*Id.*] Young admits that he was in fact sanctioned in that case before Jefferson Circuit Court. [*Id.*; R. 11-3 at 220.] The order from state court states, "Young has previously filed the same action in another division of Jefferson Circuit Court. This action was dismissed on the merits. . . . Young illustrates no set of circumstances that would entitled him to relief." [R. 11-3 at 3.] Judge Angela McCormick Bisig of Jefferson Circuit Court then ordered that Jack Conway be awarded the reasonable costs of litigation. [*See id*.]

Regardless, Young has stated no cause of action in his eighth claim of relief but merely lay out facts that have already been resolved in Jefferson Circuit Court. He claims he was

8

intimidated by sanctions but cites no statute or authority under which this Court may grant relief. In fact, he was threatened with sanctions because his frivolous lawsuit was sanctionable and was in fact sanctioned. Young's eighth claim for relief is dismissed.

F

Finally, Young seeks sanctions against all the Defendants and their counsel. [R. 28; R. 34; R. 35.] The three Motions for Sanctions are largely similar and can be analyzed together.

In his Motions for Sanctions, Young brings up new allegations of being banned from Democratic meetings. [*See* R. 34 at 2.] Young summarily states that nearly all the case law as stated by all parties is inaccurate. [*Id*. at 7.] He makes assertions that he has already proven certain elements of his claim, so for Defendants to disagree with him is sanctionable. [*See id*. at 12, stating "Young provided that Argument III about res judicata is untenable, so for the KDP Defendants to insist on it now would violate FRCP 11(b)(1), (2) and (3)."]

Federal Rule of Civil Procedure 11 generally prohibits frivolous arguments and allows the Court to sanction parties for bringing forth arguments that do not have a basis in law or in evidence. Young's Motions for Sanctions do not bring any information before this Court that should lead to sanctions. Young condemns the Defendants and their counsel for the practice of law, namely citing relevant legal authority and presenting thoughtful legal analysis. Simply making a statement of law does not make it true, as Young would have us rule. A legal argument, even if ultimately ruled against, does not bring sanctions, and is simply how the legal system operates. Accordingly, each Motion for Sanctions is denied.

On the contrary, this Court agrees with Defendants' argument that Young should be wary of being sanctioned himself. [*See* R. 37 at 8; R. 22 at 6; R. 29 at 11.] As Young is a pro se litigant and is without formal training in the law, the Court does feel compelled to extend a word

of caution on filing claims in federal court when there are no factual circumstances to support the causes of action he alleges. It is simply not the case that anyone who pays the Court's filing fee may air any grievance in federal court, no matter how speculative or whether such grievances are grounded in fact. Federal substantive and procedural laws contain provisions that can cause plaintiffs alleging baseless claims to be sanctioned by the court or to be responsible for paying the attorney's fees of the adversary that was wrongfully hauled into court. It has been long recognized that Federal Rule of Civil Procedure 11 applies to pro se plaintiffs and permits sanctions by the Court when the asserted action is frivolous or without evidentiary support. *Graham v. Liberty Mut. Ins. Co.*, 1:08–CV–299, 2009 WL 1034942 at *4 (E.D. Tenn. Apr. 17, 2009) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns. Enters.*, 498 U.S. 533, 564 (1991)). Under 42 U.S.C. § 1988, a prevailing defendant may recover attorney's fees when the Court finds that the "Plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (citations omitted). The purpose of that provision is to "protect defendants from burdensome litigation having no factual basis." *Id*. (citing *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 420 (1978)). Additionally, under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.10 (2012).

The Court does not at this time make any findings that these provisions are applicable here and sua sponte assess sanctions or require fee shifting. However, the Court does alert Young that such consequences exist in the federal system and could be requested by current or future defendants or assessed by the Court if his claims are found to be unsupported by fact and

frivolous. This warning is certainly not given to discourage Young from filing whatever meritorious claims that he might have, but to provide guidance going forward.

### III

Accordingly, and for the reasons set forth above, it is hereby **ORDERED**:

1. Motions to Dismiss the Original Complaint filed by Defendants are **DENIED** as **MOOT** [R. 9; R. 10; R. 11];

2. Motions to Dismiss the Amended Complaint filed by Defendants are **GRANTED** [R. 15; R. 17; R. 18];

3. Young's Motion to Strike his Original Complaint is **GRANTED** [R. 20];

4. Young's Motions for Sanctions are **DENIED** [R. 28; R. 34; R. 35];

5. Defendant Beshear's Motion for Extension of Time is **DENIED** as **MOOT** [R. 38]; and

6. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's active docket**.**

This the 29th day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge